from the commissioners to the assignees, because all the proceedings under the commission of bankruptcy must be proved; nothing can be presumed; it is a special tribunal of limited powers and jurisdiction, &c.

Mr. Marbury and Mr. Key, for plaintiff, admit that everything necessary to support the jurisdiction and authority of the commissioners must be proved; but the question is, by what sort of evidence? The records and original papers are all destroyed. The next best evidence is that which is now offered. The recitals in the old deeds, recorded in 1802, twenty-eight years ago; the destruction of the original papers and records; the certificate of the clerk, recorded in January, 1804, that a decree was passed by this court in December, 1803, authorizing the recording of the deed and the long possession under that deed,—are circumstances from which the jury may infer all the necessary proceedings under the bankrupt law.

THE COURT was of that opinion (nem. con.), and the jury rendered their verdict for the plaintiff.

=====

THOMAS, The (DELAWARE RIVER CO. v.) See Case No. 3,769.

THOMAS, The (DELAWARE RIVER STORAGE CO. v.). See Case No. 3,769.

=====

## Case No. 13,896.

### THOMAS v. ELLIOT.

[2 Cranch, C. C. 432.] [1]

Circuit Court, District of Columbia. Oct. Term, 1823.

ACTIONS—ASSIGNEES OF CAUSE—SPECIAL BAIL—SURETIES.

1. Where there are contending assignees of a cause of action pending in court, the court will not, on motion, decide the merits of their respective claims, by ordering the action to be entered upon the docket as for the use of either of them.

2. If special bail be taken out of court, by two justices of the peace, by recognizance, there must be two sureties.

The scire facias, in this case against William Elliot, as bail for Peter Morte, recites a recognizance before two justices of the peace for this county on the 17th of November, 1818, by which "a certain William Elliot, of the said county of Washington, came personally in his own proper person, and became pledge and bail," &c., "for a certain Peter Morte," &c., in the usual form. The suit against Morte was originally brought by the creditor, George N. Thomas, in his own name; who, before judgment, was discharged under the insolvent law, on the 7th of August, 1820, and assigned all his effects to John L. Brightwell, his trustee under that law, who became a party plaintiff in the place of George N. Thomas, and obtained a judgment in his own name as trustee of

1 [Reported by Hon. William Cranch, Chief Judge.]

Thomas for $311. This judgment is also recited in the scire facias.

Mr. Key, for Offa Wilson, administrator of Henry M. Wilson, obtained a rule on Brightwell to show cause why this scire facias should not be entered for the use of Offa Wilson, as administrator of Henry M. Wilson; and produced an assignment dated June 4th, 1819, more than a year before Thomas's application for the benefit of the insolvent act, from the said Thomas to the said Henry M. Wilson, of the proceeds of that suit, and an order from Thomas to the clerk of the court to enter the suit for the use of Wilson.

But THE COURT, on the 23d of January, 1824, discharged the rule and refused to order the cause to be entered for the use of Wilson, without prejudice to the rights of the parties.

Mr. Redin, for defendant, moved the court to quash the scire facias, because upon its face it appeared that only one person was taken by the justices as bail, whereas the act of 1715, c. 28, which is the only act which authorizes them to take special bail out of court, requires the defendant to go before the justices with two sufficient freeholders; and the form prescribed is, "You A. B. and C. D., and either of you do undertake," &c. Every such authority must be strictly pursued, as this court has decided in several cases upon the act of Maryland of 1791, c. 67, § 1, authorizing judgments to be superseded. Smith v. Middleton, at April term, 1821 [Case No. 13,079], and Mandeville v. Love, October term, 1821 [Id. 9,012]; Rogers v. Reeves, 1 Term R. 418; Scryven v. Dyther, Cro. Eliz. 672; Symes v. Oakes, 2 Strange, 893.

Mr. Key, for plaintiff, contra.

THE COURT (THRUSTON, Circuit Judge, absent) quashed the scire facias, giving judgment upon the issue of "no such record."

=====

## Case No. 13,897.

### THOMAS v. GITTINGS.

[Taney, 472.] [1]

Circuit Court, D. Maryland. April 11, 1844.

BOTTOMRY—NECESSITY FOR—MASTER'S AUTHORITY—ACTS OF OWNER—SUPPLIES—CONSIGNEE.

1. T., the owner of a vessel, of which F. was master, directed her to be employed in running between Savannah and Havana, under a letter of instructions; a cargo of rice was procured, and put on board at Savannah, on the credit of S., the agent of the vessel at that place; in fitting her for the voyage, expenses were incurred to the amount of $219 52, for which a bill was drawn by the master, on the owner, living in Baltimore, and accepted by him; this bill was protested, and demand was made upon the master, at Havana, for its payment; A., the consignee at Havana, gave the master a bill on a

1 [Reported by James Mason Campbell, Esq., and here reprinted by permission.]