Graham v. The Firemen's Insurance Company.

---

WILLIAM GRAHAM, Appellant, *against* THE FIREMEN'S IN SURANCE COMPANY, Respondent.

(Decided January 5th, 1880.)

Where by the terms of a fire-insurance policy insuring the owner, the loss is made payable to the mortgagee of the premises, the policy operates as an independent insurance to the extent of the mortgagee's interest, the same as if the mortgagee had taken out a separate policy. The owner is under no obligations to furnish proof of loss for the mortgagee's benefit, and where the owner refuses to do so the mortgagee is entitled to make it, unless, by the express terms of the policy, it is provided otherwise, as the instrument in such a case must be construed in respect to its object, which is indemnity, so as to fully carry out and give effect to the intent of it.

If there be any formal defect in the preliminary proofs which might have been supplied had the objection been made when the proofs were presented, and the underwriters do not put their refusal to receive the proofs upon that ground, but upon some other, or refuse generally without giving any reason for so doing, they cannot afterwards defeat the policy for such formal defect which good faith required them to point out when the proofs were presented.

APPEAL from a judgment for defendant, entered upon a dismissal of the complaint by the court at the trial of the

cause, and from an order denying a motion upon the minutes for a new trial.

The facts sufficiently appear in the opinion.

*Lucien Birdseye* and *James C. Cloyd*, for appellant.

*N. B. Hoxie*, for respondent.

CHARLES P. DALY, Chief Justice.—In *Hastings et al.* v. *Westchester Fire Insurance Company* (73 N. Y. 141) the policy, so far as respects the rights of the mortgagee, was the same as in this case, the only difference being that, in that case, the agreement in reference to the mortgagee was indorsed upon the policy a year after the policy was issued ; while in this case it was provided in the policy that the loss should be paid to the plaintiff as mortgagee, and the remaining portion of the agreement was in a separate instrument attached to the policy,—a distinction that in no way affects the interpretation to be put upon the agreement. It was held in that case by Justices Miller and Rapallo, who must be regarded as expressing the conclusion of the majority of the court, that the agreement made with the company operated as an independent insurance of the interest of the mortgagees in the premises, the same as if they had taken out a separate insurance free from the conditions imposed by the policy upon the owner, and making them responsible only for their own acts ; and everything that was said by Justices Miller and Rapallo in that case, without enumerating it, is equally applicable in this. The mortgagee furnished the company with the proof of loss a few days after the accident, and if it was competent, under the policy, for him to do so, it is urged that the proofs were defective in two particulars :

1st. That they did not state the other insurance upon the property, but only such as were payable to him ; and 2d. That there was not attached a certificate of a magistrate or notary public. There was a certificate which was sworn to before a notary public, but whether the person who gave it, Thomas Schaughnessy, was a magistrate or a notary public, did not appear on the face of it. Defects of this nature in

the proofs are waived, unless the objection of the company to receive them is put upon the ground of such defects; for it may now be regarded as a rule, that if there be any formal defect in the preliminary proofs which might have been supplied had the objection been made, and the underwriters do not put their refusal to receive the proofs upon that ground, but upon some other, or refuse them generally without giving any reason for so doing, they cannot, afterwards, defeat the policy for some formal defect in the proofs, which good faith required them to point out when they were received. (*Ætna Ins. Co.* v. *Tyler*, 16 Wend. 385; *McMaster* v. *Westchester Mut. Ins. Co.*, 25 Id. 379; *Bool* v. *Chenango, &c., Ins. Co.*, 6 Cush. 440; *Kernochon* v. *Bowery Ins. Co.*, 17 N. Y. 428; *Child* v. *The Sun Mutual Ins. Co.*, 3 Sand. 42.)

When the defendants in this case were furnished by the plaintiffs with the proofs, they did not put their objection to receive them on the ground of the want of proper certificate or of an omission to set forth what other insurances were upon the property, but notified the plaintiff by letter that they could not recognize the document in any way, shape or manner, and that, as it was of no value to them, they held it subject to the plaintiff's order, which was a waiver of these defects, they not having put their refusal to receive the document upon the ground of these two defects. (*Francis* v. *The Ocean Ins. Co.*, 6 Cow. 415.)

In the action brought by the plaintiff, to compel the guardian of the infant owner to make the proofs to enable the plaintiff to obtain from the company the amount of the loss payable to him by the terms of the policy, the Court of Appeals held that neither the infant owner nor the guardian were under any obligation to do so; that the infant owner had nothing to do with the plaintiff's insurance; that he was under no obligation to pay the mortgage or to procure an insurance for the plaintiff; that the insurance was a contract made by the plaintiff with the company in the form agreed upon between them, and that he could not, by his contract with the insurance company, bind the infant owner or her guardian to furnish any proof.

If then, as was held in these two cases, the instrument operated as an independent insurance of the plaintiff's interest as mortgagee, the same as if he had taken out a separate policy and that the owner was under no obligation to furnish proof of loss for the plaintiff's benefit, I think it necessarily follows that the mortgagee would be entitled to make it, unless, by the express terms of the policy, it was provided otherwise; for such an instrument is to be construed in respect to its object, which is indemnity, so as to fully carry out and give effect to the intent of it. (*Mumford* v. *Hallee*, 1 Johns. 435; *Graves* v. *Boston & C. Co.*, 2 Cranch, 432; 1st Phillips on Ins., sec. 120.)

The words of the policy are, that the company will make good the loss of the assured, her (the owner's) executors, &c., after, &c., proof of the loss made by the assured in accordance with the terms of the policy. The use of the word "her," however, cannot be construed as meaning that they were to make good the loss to her only, for, as was held in the case before referred to (*Hastings* v. *The Westchester Fire Ins. Co.*), in an instrument of this nature, both the owner and the mortgagee are separately insured. In that case, as in this, the agreement, so far as respects the policy, was to make good the loss to the owner, and it was insisted in that case, that the policy was an insurance of the owner's interest only; that the owner there was the assured, and that the company only agreed to make good the loss to the owner,—a position which the court held could not be maintained.

In the present case, the language in the particular part of the policy must be read in connection with the paper which is attached to the policy and forms a part of it, which is expressly stated to be an agreement " as to the insurance of the mortgagee's interest only." The whole agreement, therefore, of the defendants, as collected from both papers, embodies two insurances, one of the owner's interest and the other of the interest of the mortgagee, which plainly appears further from the statement in the paper that the insurance as to the interest of the mortgagee is not to be invalidated by any act or neglect of the owner of the property, and that if the com-

pany should pay the mortgagee any sum for loss under the policy and should claim that there was no liability on their part to the owner, they were to ·be subrogated to all the rights of the mortgagee, to the extent of such payment. In that part of the policy, moreover, which provides for what is to be done by the assured, in the way of preliminary proofs in the event of loss, the provision is simply that " persons sustaining loss or damage by fire shall forthwith give notice of said loss to the company, and as soon thereafter as possible render a particular account of such loss." The plaintiff comes within this provision. He is a person sustaining loss and damage by the fire. That he had an interest in the premises as mortgagee appears upon the face of the policy. The instrument was, as respects him, an independent and separate insurance, and if the owner was under no obligation to make proof of the loss for his benefit, and did, through his guardian, refuse to make it, the contract, if he could not make the proofs, could not be enforced, and the indemnity which it was designed to secure would be defeated.

As a general rule, when an insurance·upon property is made by the owner, every intendment, if there is doubt or ambiguity, should be in favor of the construction that the proof of loss was to be made by the owner, as he, ordinarily, must be assumed to know better than any one else to what extent it has been injured or how much of it was destroyed. But the insurance in the present case was of a building in the town of Flatbush, known as the Bon Ton Hotel, against loss or damage by fire, and as the defendant saw fit to insure the plaintiff's interest in the building as mortgagee, it is a fair construction of the intent of the parties when the agreement was entered into that he was necessarily to furnish the proof of his loss, the owner being under no obligation to do so.

I think, therefore, that the court below erred in excluding the evidence offered of the service of the proofs of loss by the plaintiff immediately after the fire, and that the plaintiff is entitled to a new trial.

Van Hoesen and Larremore, JJ., concurred.