Edminster *v.* Cochrane.

FRANK S. EDMINSTER, Respondent, *against* JAMES COCHRANE, Appellant.

(Decided December 6th, 1880.)

The defendant covenanted to pay to the plaintiff a certain sum of money, upon condition that the plaintiff should obtain and exhibit to him or his representatives a power of attorney from a third person, duly acknowledged, authorizing the plaintiff to receive the money. The plaintiff obtained and presented to the defendant the required power of attorney, duly acknowledged in the state of Vermont, before a notary public of that state, but without any certificate as to the authority and signature of the notary, as is required by the laws of this state to entitle an instrument so acknowledged to be read in evidence or recorded in this state. The defendant, upon presentation of this instrument, said, "Take it to my son," the son spoken of being an attorney who had drafted the power of attorney. *Held*, that this amounted to a reference by the defendant to his son, to determine whether the instrument was satisfactory as a performance by the plaintiff of his part of the contract, and that if the son thereupon said it was "all right," without objecting to the want of such a certificate, it was a waiver of the defect.

APPEAL from a judgment of this court, entered upon the verdict of a jury.

The action was brought upon the following instrument in writing, under seal, executed by the defendant, and delivered to the plaintiff: "In consideration of a bill of sale from Frank S. Edminster, of the date of this covenant, for himself, and as agent or attorney of Harvey Miller, of Windsor, Vermont, mentioned therein, and covenants therein, I hereby covenant and agree to pay said Frank S. Edminster, the sum of three hundred and twelve and 55-100 dollars, within eleven days from the date hereof, upon condition that said Edminster shall, within said eleven days, or such other time as shall be reasonable, obtain and exhibit to me, or my representatives, a power of attorney from said Harvey Miller, duly acknowledged, to make said bill of sale and receive the money herein mentioned."

The complaint set forth the above instrument, and alleged performance on the part of the plaintiff, and non-payment of the money or any part of it by the defendant. The facts appear in the opinion.

At a previous trial the jury found a verdict for the plaintiff, but the judgment entered on the verdict was reversed for error in the admission of evidence of waiver of the condition of the above covenant, under a complaint alleging only performance, and not an excuse for non-performance (see 8 Daly, 138), and a new trial was ordered. At the new trial the court allowed the complaint to be amended by setting up, instead of a full performance of the condition, an acceptance by the defendant of the power of attorney tendered, and a waiver of any other performance. The jury found a verdict for the plaintiff, and from the judgment entered on the verdict the defendant appealed.

*Levi S. Chatfield* and *Jones Cochrane*, for appellant.

*W. H. O'Dwyer*, for respondent.

VAN HOESEN, J.—The defendant, by an agreement under seal, contracted to pay the plaintiff three hundred and twelve 55-100 dollars within eleven days, or such other time as should be reasonable, upon condition that the plaintiff " should obtain and exhibit to him or his representatives, a power of attorney from Harvey Miller, duly acknowledged, to receive said money." The plaintiff afterwards obtained and presented to the defendant the required power of attorney, duly acknowledged in the state of Vermont, before a notary public of that state, but the instrument could not have been read in evidence in any court of this state, or admitted to record in the office of any county clerk or register in this state, for want of a certificate from the clerk of the county in Vermont, in which the notary resided, specifying that the notary was duly authorized to take acknowledgments, that the clerk was well acquainted with the notary's handwriting, and that he believed the signature of the notary to the certificate of acknowledgment to be

genuine. It will be observed that the statute (c. 195, Laws of 1848, as amended by c. 557 of the Laws of 1867) makes a distinction between the certificate of acknowledgment and the certificate which guarantees the official character and the handwriting of the notary, and it might well be contended that the certificate of acknowledgment which the plaintiff unquestionably exhibited, was all that the defendant had a right, under his contract, to call for. Without passing upon that question, which was not raised at the trial, but assuming that the contract required the plaintiff to furnish an instrument so acknowledged and so authenticated that it could be recorded and read in evidence in this state, there remains for consideration this single point : Was there a valid and binding waiver by the defendant of the county clerk's certificate ? There is no dispute as to the fact that when the plaintiff presented to the defendant the power of attorney, the defendant said, "Take it to my son." The son spoken of was a lawyer, by whom the power of attorney had been drafted. Of course, the power of attorney was presented in fulfillment of the contract, and it was the duty of the defendant to point out any defects which he believed to exist in the form of the certificate. The same rule is applicable that obtains in respect to the presentation of proofs of loss to an insurance company. In the case of *Graham* v. *The Firemen's Insurance Company* (8 Daly, 421), a certificate from a notary or a magistrate was required by the policy, and the certificate which was furnished did not state whether the person who gave it was either the one or the other ; but as the company had not put its refusal to pay on the ground that the certificate was in that respect defective, it was held to be too late to raise the objection after the action on the policy was begun. The rule was thus stated by Chief Justice Daly : "Defects of this nature in the proofs are waived, unless the objection of the company to receive them is put upon the ground of such defects ; for it may now be regarded as a rule, that if there be any formal defect in the preliminary proofs, which might have been supplied had the objection been made, and the underwriters do not put their refusal to receive the proofs upon that ground, but upon some

Edminster v. Cochrane.

other, or refuse them generally without giving any reason for so doing, they cannot afterwards defeat the policy for some formal defect in the proofs, which good faith required them to point out when they were received." If the defendant intended to insist upon the production of the county clerk's certificate, good faith required that he should have called the plaintiff's attention to the defect, when the power of attorney was presented to him for examination. The defendant was at liberty to refer the matter to his son, and as he did so without limiting or qualifying his son's authority, he is bound by his son's action. The obvious and indisputable meaning of the direction which the defendant gave the plaintiff, to take the document to his son, was, that the son should say whether or not the acknowledgment was satisfactory. The defendant does not pretend that he entertained the design of refusing to pay the money if his son should pronounce the acknowledgment correct, and it is difficult to understand how, under these circumstances, the defendant could ask either court or jury to find that his son had no authority to decide the very question which he requested him to decide. He admits that he sent the paper to his son, to ascertain whether it was satisfactory, and then denies that his son had authority to say whether it was satisfactory or not. It is obvious that the real question referred to the son, was, whether the acknowledgment was such an one as the defendant would accept? and if the son said that it was right, the defendant was bound to pay the money.

Both plaintiff and defendant evidently understood that the son was to determine for his father whether or not the acknowledgment would be accepted as a performance by the plaintiff of his part of the contract. There was no dispute as to the facts, nor could different inferences be drawn from them, and there was no question as the son's authority which the court should have submitted to the jury. Nor was it error for the court to instruct the jury that if the defendant's son said, when the power of attorney was, by his father's direction, submitted to him for examination, that the acknowledgment was "all right," they might find that a waiver was made of the county clerk's certificate. It was not, as the counsel for the

defendant contends, the mere expression by the son of a legal opinion. As well might it be said that the owner of a building expresses a legal opinion when he accepts from the builder a house which has received only one coat of paint, though the building contract calls for two coats.

There was no error on the trial, and the judgment should be affirmed, with costs.

CHARLES P. DALY, Ch. J., and VAN BRUNT, J., concurred.

Judgment affirmed, with costs.